**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ANTONIO LOPEZ SERNA,

    Plaintiff,

  v.                                                            No. CIV 12-0853 MV/WPL

WARDEN ANTHONY ROMERO,
LIEUTENANT JO LITTLE,
LIEUTENANT JESSE DIAZ,
NURSE FRANCES SUTTLE,
NURSE KAREN REHMAN,
JAMES LOPEZ,
DR. SHANNON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 6) (together the "complaint"). Also before the Court are Plaintiff's motions for appointment of counsel (Docs. 5), for hearing (Doc. 9), to address issues (Doc. 11), and for prospective relief (Doc. 13). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint alleges that on March 29, 2009, Plaintiff suffered a separated shoulder. Staff members, instead of treating his injury, handcuffed him, returned him to his cell, and then denied him treatment for 27 days despite his pleas for help. As a result, surgery was required to repair Plaintiff's injury and he has needed years of physical therapy. In his amended complaint, Plaintiff asserts that staff at his current place of incarceration continue to deny him treatment for pain in his shoulder and lower back that significantly affects his daily activities. Plaintiff seeks equitable relief and damages.

No relief is available on Plaintiff's claims in his original complaint, which he filed after the applicable limitations period expired. The period of limitations for a § 1983 action is the forum state's personal injury statute, *see Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985), and the limitation on personal injury actions in New Mexico is three years, *see* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Plaintiff's injury occurred on March 29, 2009, and treatment was denied for 27 days until late April, 2009. He mailed his complaint on August 2, 2012, approximately three years and three months later. Because the alleged injury occurred more than three years before the complaint was filed, this claim was untimely filed and will be dismissed. *See Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Section 1983 claims accrue, for the purpose of the statute of limitations, ' "when the plaintiff knows or has reason to know of the injury which is the basis of his action." ' ") (citations omitted).

Furthermore, tolling is not available to extend the limitations period for Plaintiff's original

complaint. "[I]n a § 1983 suit, state tolling rules, not federal ones, apply," *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (citation omitted), and in New Mexico the running of the limitations period applicable to a prisoner's § 1983 claim may be tolled in either of two ways. First, equitable tolling is available where circumstances beyond the prisoner's control prevent filing of claims. *See id.*; *Ocana v. American Furniture Co.*, 91 P.3d 58, 66 (N.M. 2004). And second, statutory tolling extends the limitations period while a prisoner exhausts mandatory administrative remedies. *See Roberts v. Barreras*, 484 F.3d at 1242; N.M. Stat. Ann. § 37-1-12 (Repl. Pamp. 1990). Plaintiff specifically states that he did not exhaust administrative remedies, and he does not assert that other circumstances prevented his filing. The running of the limitations period was not tolled, and Plaintiff's original complaint was untimely filed.

The amended complaint names as Defendants the warden of the state penitentiary and a doctor. Plaintiff alleges that Dr. Shannon has refused him adequate treatment for a problem in his lower back as well as continuing pain in his shoulder. No factual allegation is made against Defendant (Warden) Lopez affirmatively linking him to the asserted deprivation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation. Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' " *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at *6 (10th Cir. Jan. 23, 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)). The Court will

dismiss Plaintiff's claims against Defendant Lopez.

Plaintiff's original motion for appointment of counsel (Doc. 5) is superseded by his later motion (Doc. 14) and will be denied as moot. Plaintiff has also filed motions for hearing (Doc. 9), to address issues (Doc. 11), and for prospective relief (Doc. 13). In these motions, Plaintiff's restates various allegations from his complaints. Because Defendants have not yet answered, the motion for hearing will be denied without prejudice at this time. And, because the relief sought in the motions to address issues and for prospective relief is already part of the complaint, these motions will be denied as moot.

IT IS THEREFORE ORDERED that Plaintiff's original complaint (Doc. 1) is DISMISSED; Plaintiff's claims against Defendant Lopez in the amended complaint are DISMISSED; and Defendants Romero, Little, Diaz, Suttle, Rehman, and Lopez are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's motion for hearing (Doc. 9) is DENIED without prejudice at this time; and his motions for appointment of counsel (Doc. 5), to address issues (Doc. 11), and for prospective relief (Doc. 13) are DENIED as moot;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the amended complaint (Doc. 6), for Defendant Shannon.

_____
UNITED STATES DISTRICT JUDGE